UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

United States Courts
Southern District of Texas
F I L E D

FEB 25 2019

David J. Bradley
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. V-16-4-SSSS(6) |
| § | |
| EDWARD BELTRAN § | |
| AKA LALO § | |

## MEMORANDUM OF PLEA AGREEMENT

1. The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Southern District of Texas, through the undersigned Assistant U.S. Attorney to plead guilty to Count One (1) of the above-numbered fourth superseding indictment.

2. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's re-arraignment and sentencing and for the Defendant's truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's Pre-sentence Investigation Report, the Government will recommend the Defendant be given a sentence of imprisonment within the applicable guideline range. If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources

more efficiently.

3. Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.

4. The defendant is aware that the sentence will be determined with reference to the *United States Sentencing Commission's Guidelines Manual* (U.S.S.G.). Defendant acknowledges and agrees that the Court may impose any sentence up to and including the statutory maximum, and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a)(1) and (2), and § 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States, Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its

rights under this agreement and seek specific performance of these waivers.

6. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the sentencing range is advisory only, therefore the Court may impose a sentence that is lower or higher than that range. The United States does not make any promise or representation concerning what sentence the defendant will receive.

7. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing facts or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2.

8. Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to

recommend credit for acceptance of responsibility and/or to move for a reduction in sentence for substantial assistance and is free to argue for any sentence within the statutory limits. Such a breach by the Defendant will not release the Defendant from his plea of guilty and the terms of this plea agreement. Furthermore, the Defendant will be subject to prosecution for all criminal activity, including perjury, false statement, and obstruction of justice, which is attempted or committed subsequent to the signing of this agreement by the Defendant. The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

9. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

10. Defendant EDWARD BELTRAN. admits that the following seized properties constitute proceeds of the properties used in the commission of the offense charged in Count One

Defendant, EDWARD BELTRAN., also agrees to forfeit whatever interest he may have in those assets listed in the indictment, specifically.

1) All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

a) The real property, improvements and appurtenances, located at 58

4

La Sagunada Rd., Rio Grande City, Texas 78582, and legally described as:

> a tract of land containing 1.553 acres out of and forming a part or portion of parcel no. 4 of the D.G. Wood Tract an the G. Phillip Wardner, trustee, tract or porcion no. 84, ancient jurisdiction of Camargo, Mexico, now Starr County, Texas, and being more particularly described by metes and bounds; and

> the surface and the surface only 8.45 out of ten (10) acres of land, more or less, out of and forming part and portion of the D.G. Woods Tract and the G. Philip Wardner Tract, out of porcion no. eighty-four (84), ancient jurisdiction of Camargo, now situated in Starr County, Texas, and being more particularly described by metes and bounds as follows, to-wit:

> beginning at an iron rod under fence in the D.G. Wood Tract, for S.E. corner hereof, which rod and corner are distant s. 08* 09' 43"., 16,314.65 feet from the N.E. corner of the D.G. Wood Tract and the N.W. corner of share no. 83 of Porcion no. 84 ancient jurisdiction of Camargo, Mexico, now Starr County, Texas;

> thence across the D.G. Wood Tract and the G. Philip Wardner Tract, N. 80* 45' W., 1948.3 feet to an iron rod set on the east r.o.w. easement of La Sagunada rod, for S.W. corner hereof;

> thence with the East r.o.w. easement of road, N. 23* 49' 48" W., 257.57 feet to an iron rod, for N.W. corner hereof;

> thence S. 80* 45' E., 2089.14 feet to an iron rod, for N.E. corner hereof;
> thence following fence, S. 09* 15' E., 215.79 feet to the place of beginning and containing within these metes and bounds 10.0 acres of land, more or less.

Defendant admits that the properties listed above are subject to forfeiture, the Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture, and the Defendant agrees to the forfeiture of such property to the United States.

11.     Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.

12. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees that that he will not contest the forfeiture of such property and that he will make no claim whatsoever to such property or any property forfeited by any other defendant in this case or any related civil forfeiture case

13. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

14. Defendant, EDWARD BELTRAN., consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.

_____    2/25/19
EDWARD BELTRAN                Date
Defendant

_____    2/25/19
Attorney for Defendant        Date


RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _Patti Hubert Booth_____  2/25/2019
PATTI HUBERT BOOTH            Date
Assistant United States Attorney

6