United States District Court
Southern District of Texas
**ENTERED**
February 04, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:16-4(SS)-6** |
| | § | |
| EDWARD BELTRAN, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Edward Beltran's Motion Under 18 U.S.C. 3582(c)(1)(A) for Early Release via the CARES Act by Affidavit. D.E. 603.

**I. BACKGROUND**

In 2019, Defendant pled guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. He has served 13 months (25%) of his 51-month sentence and has a projected release date, after good time credit, of June 26, 2023. Defendant now moves the Court for compassionate release because his underlying medical conditions make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison a second time. He also states that his family needs his physical and financial support.

Defendant filed an administrative request for early release to home confinement under the CARES Act on December 5, 2020, but says he never received a response.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

**(A) Medical Condition of the Defendant.—**
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

2

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**
(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to

deter criminal conduct and protect the public from further crimes of the defendant; the need to

provide the defendant with, among other things, any needed medical treatment; and the various

kinds of sentences available.  *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
>> A review of a motion for release based on COVID-19 is highly fact-intensive
>> and dependent on the specific conditions of confinement and medical
>> circumstances faced by the defendant. Hence, a prisoner cannot satisfy his
>> burden of proof by simply citing to nationwide COVID-19 statistics, asserting
>> generalized statements on conditions of confinement within the BOP, or making
>> sweeping allegations about a prison's ability or lack thereof to contain an
>> outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of
>> confinement in jail, alone, are not sufficient grounds to justify a finding of
>> extraordinary and compelling circumstances. Rather, those circumstances are
>> applicable to all inmates who are currently imprisoned and hence are not unique
>> to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing  *United*

*States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted
> compassionate release where the defendant has demonstrated an increased risk of
> serious illness if he or she were to contract COVID. . . . But that is certainly not a
> unanimous approach to every high-risk inmate with preexisting conditions
> seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so
> for defendants who had already served the lion's share of their sentences and
> presented multiple, severe, health concerns. . . . Fear of COVID doesn't
> automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for

compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25,

2019).

## III. ANALYSIS

Defendant is 26 years old and claims to suffer from morbid obesity, anxiety, hypertension, and diabetes. He says that he tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19, in November of 2020 "and suffered greatly for days before finally recovering." D.E. 603, p. 2. Defendant states that he is still plagued by an abnormal heart rhythm and is concerned about the increased likelihood that he will suffer recurring or ongoing effects of the virus due to his underlying medical conditions. He also fears reinfection due to his inability to practice social distancing in prison. Defendant has offered no medical records supporting a COVID-19 diagnosis, and there is no evidence to indicate that he ever became severely ill or that he is still suffering any effects of the virus. He submitted his pediatric medical records from 2010–2012 showing that he was recommended for gastric bypass surgery after being diagnosed as morbidly obese; however, he has offered no evidence that he currently suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death[1] in the rare event that he were to contract COVID-19 a second time.[2]

---

1. According to the Centers for Disease Control and Prevention (CDC), older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pregnancy; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.

2. According to the CDC, "Cases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19,* CDC (Oct. 27, 2020), *https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.* One recent study showed that, eight months after infection, most people who have recovered from COVID-19 still have enough immune cells to fend off the virus and prevent illness. Jennifer M. Dan, *et al.*, *Immunological memory to SARS-CoV-2 assessed for greater than six months after infection*, BIORXIV (Nov. 16, 2020), https://www.biorxiv.org/content/10.1101/2020.11.15.383323v1 (Nov. 16, 2020).

Defendant further maintains that his family needs his physical and financial support. His father is also incarcerated, and his elderly mother lives with his sister, who has been wheel-chair bound all her life and suffers from numerous chronic health problems. "[C]aring for a sick and/or aging parent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (collecting cases). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother). Defendant has also failed to exhaust his administrative remedies within the BOP with respect to this claim. He previously filed a request for release to home confinement under the CARES Act,[3] stating, "I will like to apply for early release under the CARES Act. . . . I all ready [*sic.*] have the colvid-19 and I have medical problems for home confinement." D.E. 603-2. This is different than seeking a sentence reduction under 18 U.S.C. § 3582(c) based on family circumstances. Because Defendant has failed to comply with the exhaustion requirements under § 3582, this claim is not ripe for review, and the Court is without jurisdiction to grant it. *See generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

---

3. Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136:

> (2)   HOME   CONFINEMENT   AUTHORITY.—During   the   covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

**IV. CONCLUSION**

      For the foregoing reasons, Defendant's Motion Under 18 U.S.C. 3582(c)(1)(A) for Early

Release via the CARES Act by Affidavit (D.E. 603) is **DENIED**.

      It is so **ORDERED** this 1st   day of February, 2021.

                                              JOHN D. RAINEY

                                    SENIOR U.S. DISTRICT JUDGE